JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY (CSBN 176106)
Counsel for FLSA
**CHERYL L. ADAMS (CSBN 208244)**
**Senior Trial Attorney**
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
Direct: (415) 625-7759
Facsimile: (415) 625-7772
Email: Adams.Cheryl.L@dol.gov

Attorneys for Plaintiff, Thomas E. Perez
Secretary, U.S. Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br> v. <br><br> PAPA CHANO'S, LLC, a limited liability company; EVERARDO VALLE, an individual; and SERGIO VALLE, an individual, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201, et seq.)** |

1.      Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary" or "Plaintiff"), brings this action pursuant to Section 17, 29 U.S.C § 217, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C §§ 201-19 (hereinafter "FLSA" or the "Act"), to enjoin Defendants Papa Chano's, LLC, doing business as Papa Chano's Taqueria, Everardo Valle, and Sergio Valle (collectively "Defendants") from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, 29 U.S.C §§ 207, 211(c), 215(a)(2) and 215(a)(5).

**COMPLAINT FOR VIOLATIONS OF THE FLSA                    Page 1 of 6**

2.      Plaintiff also and separately brings this action pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), for the recovery of a judgment against Defendants for unpaid overtime compensation due Defendants' employees listed in the attached Exhibit A and liquidated damages in an amount equal thereto, or in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due, and for civil money penalties.

3.      Jurisdiction of this action is conferred upon the Court by Section 17 of the FLSA, 29 U.S.C. § 217; by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

4.      Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

5.      Assignment of this action to the San Jose Division of the Northern District of California pursuant to Civil Local Rule 3-2(c) is proper, because a substantial part of the events or omissions which gave rise to this claim occurred in Monterey County, California.

6.      At all times material hereto, Defendant Papa Chano's LLC, is and has been a limited liability company licensed to do business in the State of California, with an office and places of business located in Monterey, Monterey County, California within the jurisdiction of this Court and has been engaged under the name Papa Chano's Taqueria in the operation of restaurants located at 462 Alvarado Street, Monterey, California and 915 Playa Ave, Sand City, California.

7.      At all times material hereto, Defendant Everardo Valle is and was fifty percent owner of Defendant Papa Chano's LLC., and is and has been at all relevant times an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly in the interest of Defendant Papa Chano's LLC, in relation to its employees and had

**COMPLAINT FOR VIOLATIONS OF THE FLSA**                    **Page 2 of 6**

1    economic and operational control over Defendant Papa Chano's LLC. Defendant Everardo Valle

2    runs Defendants Papa Chano's, hires and fires employees, determines their salaries, and is

3    responsible for maintaining employment records.

4       8.    At all times material hereto, Defendant Sergio Valle is and was fifty percent owner of

5    Defendant Papa Chano's LLC., and is and has been at all relevant times an employer within the

6    meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly

7    in the interest of Defendant Papa Chano's LLC, in relation to its employees and had economic

8    and operational control over Defendant Papa Chano's LLC. Defendant Sergio Valle runs

9    Defendants Papa Chano's, hires and fires employees, determines their salaries, and is responsible

10    for maintaining employment records.

11       9.     At all times relevant to this Complaint, Defendants employ and/or employed

12    employees in and about their places of business who handled, purchased, sold, or otherwise

13    worked on goods that have been moved in or produced for commerce by any person.

14       10.     At all times relevant to this Complaint Defendants are and have been an

15    "enterprise," as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), having annual gross

16    volume of sales made or business done of not less than $500,000 (exclusive of sales taxes at the

17    retail level that are separately stated). By reason thereof, said enterprise at all times relevant to

18    this Complaint was an enterprise engaged in commerce or in the production of goods for

19    commerce within the meaning of the Act.

20       11.     Defendants have violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§

21    207 and 215(a)(2), by failing to compensate many of their employees for their employment in

22    excess of forty hours per week at rates not less than one and one-half times the regular rate at

23    which they were employed in workweeks when said employees were employed in an enterprise

24    engaged in commerce or in the production of goods for commerce, within the meaning of the

25    Act.

**COMPLAINT FOR VIOLATIONS OF THE FLSA**          **Page 3 of 6**

1    12.    Defendants have violated the provisions of FLSA §§ 11(c) and 15(a)(5), 29

2  U.S.C. §§ 211(c), 215(a)(5), by failing to make, keep and preserve records of employees and of

3  the wages, hours, and other conditions and practices of employment maintained, as prescribed by

4  the regulations promulgated by Plaintiff pursuant to the authority granted in the FLSA, published

5  at 29 C.F.R. § 516.1.

6    13.    During the period since on or about April 20, 2013, Defendants have violated the

7  aforesaid provisions of the FLSA.

8    14.    As a result of the violations of the FLSA, there is unpaid overtime compensation

9  due under the FLSA that is being withheld by Defendants.

10    15.    Judgment permanently enjoining and restraining the above violations of the FLSA

11  is specifically authorized by Section 17, 29 U.S.C. § 217.

12    16.    A money judgment awarding unpaid back wages due under the FLSA, plus an

13  additional amount as liquidated damages, is specifically authorized by FLSA § 16(c), 29 U.S.C.

14  § 216(c).

15    WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against

16  Defendants as follows:

17    (1)    For an Order pursuant to FLSA § 17, 29 U.S.C. § 217, permanently enjoining and

18  restraining Defendants, their officers, agents, servants, employees, and all persons acting in their

19  behalf and interest from prospectively violating the provisions of FLSA §§  7, 11(c), 15(a)(2)

20  and 15(a)(5) of the Act, 29 U.S.C §§  207, 211(c), 215(a)(2) and 215(a)(5); and,

21    (2)    For an Order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding

22  Defendants liable for unpaid overtime compensation found by the Court to be due Defendants'

23  employees named in the attached Exhibit A, plus an equal amount in liquidated damages; or, in

24  the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid

25  wages due; and

**COMPLAINT FOR VIOLATIONS OF THE FLSA**                     **Page 4 of 6**

1        (3)     For an Order awarding Plaintiff his fees and the court costs of action; and

2        (4)     For an Order granting Plaintiff such other and further relief as may be necessary

3  and appropriate.

4  Respectfully submitted,

5  Dated: February 19, 2015             M. PATRICIA SMITH
                                   Solicitor of Labor

6

7                                  JANET M. HEROLD
                                   Regional Solicitor

8

9                                  SUSAN SELETSKY
                                   Counsel for FLSA

10                                  */s/ Cheryl L. Adams*
                                   CHERYL L. ADAMS

11                                  Senior Trial Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**COMPLAINT FOR VIOLATIONS OF THE FLSA**               **Page 5 of 6**

1

EXHIBIT A

2

3
Abraca, Gonzalo

4
Arriaga, Omar

5
Barajas, Guadalupe

6
De La Rosa, Hector

7
Marino, Homar

8
Pociano, Imer

9
Quinonez, Gustavo

10
Quinonez, Rene

11
Salmeron, Joel

12
Salmeron, Saturino

13
Segura, Guadalupe

14

15

16

17

18

19

20

21

22

23

24

25

**COMPLAINT FOR VIOLATIONS OF THE FLSA**            **Page 6 of 6**