JANET M. HEROLD
Regional Solicitor
CHERYL L. ADAMS (CSBN 208244)
Senior Trial Attorney
SUSAN SELETSKY (CSBN 176106)
Counsel for FLSA
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103
Direct: (415) 625-7759
Facsimile: (415) 625-7772
Email: Adams.Cheryl.L@dol.gov

Attorneys for Plaintiff, Thomas E. Perez
Secretary, U.S. Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br> v. <br><br> PAPA CHANO'S, LLC, a limited liability company; EVERARDO VALLE, an individual; and SERGIO VALLE, an individual, <br><br> Defendants. | Case No.: C 15-00813 BLF <br><br> [PROPOSED] <br> **CONSENT JUDGMENT** |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendants PAPA CHANOS, LLC, a limited liability company; EVERARDO VALLE, an individual; and SERGIO VALLE, an individual, have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment ("Consent Judgment" or "Judgment") in accordance herewith:

      A.     The Secretary has filed a Complaint alleging that the Defendants violated provisions of Sections 7,  11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938,

1   as amended ("FLSA" or "the Act"), 29 U.S.C. § 206, 207 and 215(a)(2).

2          B.        Defendants acknowledge receipt of a copy of the Secretary's Complaint and have

3   retained the assistance of defense counsel.

4          C.        Defendants waive issuance and service of process and waive answers and any

5   defenses to the Secretary's Complaint.

6          D.        The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

7          E.        Defendants admit that the Court has jurisdiction over the parties and subject

8   matter of this civil action and that venue lies in the District Court for the Northern District of

9   California.

10         F.        Defendants and the Secretary agree to the entry of this Consent Judgment without

11  contest.

12         G.        Defendants acknowledge that Defendants and any individual or entity acting on

13  their behalf or at their direction have notice of, and understand, the provisions of this Consent

14  Judgment.

15         H.        Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA, 29  U.S.C. §§

16  207 and 215(a)(2), during the period from April 20, 2013, through June 20, 2014 (the "Subject

17  Period"), by employing employees who were employed in an enterprise engaged in commerce or

18  in the production of goods for commerce within the meaning of the Act, for workweeks longer

19  than forty hours, and failing to pay such employees compensation for their employment in excess

20  of forty hours at a rate not less than one and one-half times the regular rate at which they were

21  employed.

22         I.        Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA, 29

23  U.S.C. §§ 211(c) and 215(a)(5), during the Subject Period, by failing to make, keep and preserve

24  records of their employees and of the wages, hours, and other conditions and practices of

25  employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516

that are issued, and from time to time amended, pursuant to section 11(c) of the Act.

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1.      Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29  U.S.C. §§ 207 and 215(a)(2), employ any of their employees who in any workweek are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

2.      Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3.      Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the FLSA; nor shall Defendants discharge or in any

1    other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such

2    employee because such employee has received or retained money due to him from the

3    Defendants under the provisions of this judgment or the Act.

4         4.    IT IS FURTHER ORDERED that Defendants shall not withhold payment of

5    $20,586.30, which represents the unpaid overtime compensation hereby found to be due for the

6    Subject Period, to the employees named in Exhibit A, attached hereto and made a part hereof, in

7    the amounts set forth therein.

8         5.    Defendants shall further pay to the Secretary as liquidated damages the additional

9    sum of $15,439.72, hereby found to be due, for the subject period to the present and former

10   employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth

11   therein.

12        6.    The provisions of paragraphs 4 and 5 will be deemed satisfied when Defendants

13   comply with the following provisions:

14        a.    Within thirty calendar days of the entry of this Consent Judgment Defendants

15   shall deliver to the Secretary a schedule with the name "Papa Chano's, LLC" written on it and

16   containing the last known (home) address, social security number, telephone number (if known),

17   and amount of back wages for each person named in the attached Exhibit A.

18        b.    Defendants shall initiate repayment of the back wages pursuant to the installment

19   schedule attached hereto as Exhibit B, with the first payment of $4,000.00 paid by Respondents

20   on January 25, 2015, and remaining payments due as set forth in Exhibit B. Defendants shall

21   make payments by delivering to District Director Susana Blanco, a cashier's check or money

22   order in the required amount, with the firm name of "Papa Chano's, LLC" and "Back Wages and

23   Liquidated Damages" written on it, payable to the order of the "Wage & Hour Div., Labor."

24        c.    Should Defendants fail to completely make any of the payments set forth above

25   on or before the dates due, Defendants shall be in default. Upon default, the Secretary shall have

the option of accelerating payment of the unpaid balance by mailing a certified letter to Defendants' last known address. If such option is exercised, the entire remaining balance shall become immediately due and payable. Furthermore, Defendants will be subject to administrative charges to cover debt collection of the unpaid balance and will accrue interest on the remaining unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full.

7.      The Secretary shall allocate and distribute the back wages and liquidated damages, less deductions for employees' share of Social Security and federal withholding taxes to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).  The Secretary shall be responsible for deducting the employee's share of FICA and federal income taxes from the back wage amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies. The employer is responsible for the employer portion of employment taxes on the back wages hereby found due.

8.      Within 30 calendar days of the entry of this Consent Judgment Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

a.      Defendants shall procure, if necessary, and install a time clock at each work location and ensure that each employee accurately records in the employer's records the time he/she: (i) begins work each day by the employee clocking/punching in as soon as the employee enters the worksite and/or employer's premises; (ii) begins any uninterrupted work-free meal period of 30 minutes or more by the employee clocking/punching out at the beginning of the lunch period; (iii) ends any uninterrupted work-free meal period of 30 minutes or more, by

1   clocking/punching out at the end of the uninterrupted work-free meal period; (iv) ends work each

2   day by the employee clocking/punching out just before the employee leaves the worksite and/or

3   the employer's premises; (v) begins and ends any period, if any, when the employee is duty-free

4   and thus not paid by the employee clocking/punching out.

5          b.      For each work week, Defendants shall sum the time indicated on the time records

6   recorded on the time clock by each employee to identify the time worked each day and each

7   workweek. Each pay period Defendants shall prepare a statement of hours worked by each

8   employee for each day, week and pay period ("Work Hours Summary"). Such Work Hours

9   Summary shall state the regular rate, which shall be calculated in full compliance with 29 C.F.R.

10   §§ 778.108-09, as well as any amount deducted that pay period for any reason. Defendants shall

11   calculate the half-time premium for hours worked over forty in each work week by dividing the

12   regular rate in half.

13          c.      Defendants shall have each employee review his/her Work Hours Summary and

14   write in corrections if necessary. Each hours worked summary shall contain a statement in

15   English and Spanish that "Papa Chano's, LLC" must pay you for all hours worked, which

16   includes all time that you are required to be on the employer's premises and are not free from

17   duties. If you think Papa Chano's, LLC has not paid you for all hours you worked, you can call

18   the U.S. Department of Labor to make a confidential complaint at 1-866-4US- WAGE."

19   Immediately upon issuance and for two years thereafter, Defendants shall maintain copies of all

20   Work Hours Summary for inspection by the Department of Labor at any time and by any worker

21   at any time without prior request.

22          d.      Defendants shall pay nonexempt employees for all hours worked, including time

23   and one half for all hours worked over 40 in a workweek, regardless of whether such employees

24   are paid on "salary."

25          e.      Defendants shall record all hours worked by employees in the payroll records.

f.      Defendants shall maintain all timecards and payroll records for a period of not less than three years.

g.      Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

h.      Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee.

i.      Defendants shall not direct supervisors or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees.

j.      Defendants shall not request, require or otherwise cause employees to sign inaccurate time records.

k.      Defendants shall post a copy of the attached Exhibit C in English and Spanish at Defendants' establishment for no less than one-hundred eighty (180) days. Exhibit C summarizes terms of the Consent Judgment and the employees' rights under the FLSA.

l.       Defendants shall post in break rooms and other common areas frequented by employees Department of Labor- approved posters regarding the minimum wage and overtime provisions of the FLSA. The posters shall be in English and Spanish and may be found at http://www.dol.gov/WHD/pubs-by-language.htm.

9.      The filing, pursuit, and/or resolution of this proceeding with the filing of the Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit A attached to the Consent Judgment and incorporated hereto by reference, nor as to any employee named on the Exhibit A for any period not specified herein for the back wage recovery provisions.

10.     Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

CONSENT JUDGMENT

1          11.    This Court shall retain jurisdiction of this action for purposes of enforcing

2    compliance with the terms of the Consent Decree.

3

4    Dated: March 12, 2015

5

6    _____
     BETH LABSON FREEMAN

7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

For the Defendants

The Defendants hereby appear, waive any
defense herein, consent to the entry of this
Judgment, and waive notice by the Clerk of
Court:

Dated: 2/10/15

*Everardo Valle*

Everardo Valle as an individual and owner of
PAPA CHANOS, LLC, a limited liability
company

Dated: 2/10/15

*Sergio Valle*

Sergio Valle as an individual and owner of
PAPA CHANOS, LLC, a limited liability
company

LAW OFFICES OF
BLANCA E. ZARAZUA

Dated:   2/10/15

*Blanca E. Zarazua*

BLANCA E. ZARAZUA
Law Offices of Blanca E. Zarazua
319 Salinas St
Salinas, CA 93901

For the Plaintiff:

Dated: 2/17/2015

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Counsel for FLSA

By: *Cheryl L. Adams*

CHERYL L. ADAMS
Senior Trial Attorney

Attorneys for U.S. Department of Labor

- 9 -

**EXHIBIT A**

| Name | Overtime | Liquidated Damages | Total |
|------|----------|--------------------|-------|
| Abraca, Gonzalo | $1,822.80 | $1,367.09 | $3,189.89 |
| Arriaga, Omar | $1,715.70 | $1,286.76 | $3,002.46 |
| Barajas, Guadalupe | $2,144.10 | $1,608.06 | $3,752.16 |
| De La Rosa, Hector | $2,144.10 | $1,608.06 | $3,752.16 |
| Marino, Homar | $1,715.70 | $1,286.76 | $3,002.46 |
| Pociano, Imer | $1,715.70 | $1,286.76 | $3,002.46 |
| Quinonez, Gustavo | $1,822.80 | $1,367.09 | $3,189.89 |
| Quinonez, Rene | $1,822.80 | $1,367.09 | $3,189.89 |
| Salmeron, Joel | $1,715.70 | $1,286.76 | $3,002.46 |
| Salmeron, Saturino | $1,822.80 | $1,367.09 | $3,189.89 |
| Segura, Guadalupe | $2,144.10 | $1,608.20 | $3,752.30 |

**EXHIBIT B**

**U.S. Department of Labor**

Wage and Hour Division
90 7th Street, Suite 12-100
San Francisco, CA 94103
(415) 241-3568



UNITED STATES DEPARTMENT OF LABOR
EMPLOYMENT STANDARDS ADMINISTRATION
WAGE AND HOUR DIVISION

IN THE MATTER OF:

Papa Chanos, Inc. – Case #1730235

**BACK WAGE COMPLIANCE AND PAYMENT AGREEMENT**

This agreement is entered into on 12/29/2014 between the Secretary of Labor, United States Department of Labor, (hereinafter referred to as "the Secretary") and Papa Chanos, Inc. (hereinafter referred to as "the employer").

The Secretary, through Investigator Priscilla Cruz of the Wage and Hour Division, United States Department of Labor, conducted an investigation of the employer's business under the Fair Labor Standards Act. The main office of the employer is located at 915 Playa Avenue, Seaside CA 93955. The Investigation covered the employer's operations from workweeks ending 04/20/2013 to 06/20/2014.

As a result of that investigation monetary violations were found resulting in 11 employees due back wages in the amount of $20,586.30 and liquidated damages in the amount of $15,439.72, for a grand total of $36,026.02.

In order to resolve this matter, the parties to this Agreement stipulate and agree to the following:

1. The employer represents that it is presently in full compliance with all applicable provisions of the Fair Labor Standards Act, and will continue to comply therewith in the future.

2. Papa Chanos agrees to pay the back wages due the employees in question in the amounts shown for the periods indicated on the Summary of Unpaid Wages which is attached hereto and made a part hereof by delivering a check made payable to "Wage & Hour Div., Labor" for the amounts and payment due dates under the Installment Agreement as set forth in the Schedule of Payments below:

Initial Payment $4,000 (Due January 25, 2014)

| Payment No. | Date Due | Gross | Interest Due | Total Net Payment Due |
|:---:|:---:|:---:|:---:|:---:|
| 1 | 02/25/2015 | $2,001.63 | $7.63 | $2,009.26 |
| 2 | 03/25/2015 | $2,001.63 | $7.39 | $2,009.02 |
| 3 | 04/25/2015 | $2,001.63 | $17.74 | $2,019.37 |
| 4 | 05/25/2015 | $2,001.63 | $12.51 | $2,014.14 |
| 5 | 06/25/2015 | $2,001.63 | $30.73 | $2,032.36 |
| 6 | 07/25/2015 | $2,001.63 | $12.09 | $2,013.72 |
| 7 | 08/25/2015 | $2,001.63 | $11.05 | $2,012.68 |
| 8 | 09/25/2015 | $2,001.63 | $13.32 | $2,014.95 |

# EXHIBIT B

| | | | | |
|---|---|---|---|---|
| 9 | 10/25/2015 | $2,001.63 | $15.21 | $2,016.84 |
| 10 | 11/25/2015 | $2,001.63 | $12.48 | $2,014.11 |
| 11 | 12/25/2015 | $2,001.63 | $12.24 | $2,013.87 |
| 12 | 01/25/2016 | $2,001.63 | $14.24 | $2,015.87 |
| 13 | 02/25/2016 | $2,001.63 | $14.09 | $2,015.72 |
| 14 | 03/25/2016 | $2,001.63 | $13.14 | $2,014.77 |
| 15 | 04/25/2016 | $2,001.63 | $31.30 | $2,032.93 |
| 16 | 05/25/2015 | $2,001.57 | $1.67 | $2,003.24 |
| | Totals | $32,026.02 | $226.83 | $32,252.85 |

3. The Employer has the right to prepay the installment agreement in part or in full at any time without penalty.  The Employer also has the right to make additional payments towards the principle on any installment due date, but if the Employer exercises this privilege, it will not excuse payments due in subsequent months.

4. Should the Employer fail to make the payment(s) as scheduled, the entire unpaid balance will immediately become due and payable, together with such additional collection and court costs as may be incurred by the U.S. Department of Labor in pursuing collection.

5. The Employer agrees to provide the Secretary's representative with a listing of all employees, their last known address, and social security number (if possible).  The Employer should indicate what means were used to attempt to locate the employee.

6. In the event that any employees cannot be located, or refuse to accept the back wages, and after three years, any monies which have not been distributed because of inability to locate the proper persons or because of their refusal to accept payment shall be covered into the Treasury of the United States as miscellaneous receipts.

7. The employer hereby waives all rights and defenses which may be available by virtue of statute of limitations, including but not limited to section 6 of the Portal-to-Portal Act (29 U.S.C. 255).

8. This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Improvement Act of 1996 and departmental policies. Interest will be assessed at the Treasury Tax and loan account rate on any principal that becomes delinquent. This rate is currently 1%.  Administrative cost charges will be assessed to help defray the Government's cost.   A penalty at the rate of 6.00% will be assessed on any portion of the debt remaining delinquent for more than 90 days.

9. In the event of default, the Department intends to pursue additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

10. Any rights to challenge or contest the validity of this Agreement are hereby waived.

11. By entering into this agreement, the Wage Hour Division does not waive its right to conduct future investigations under the Fair Labor Standards Act and to take appropriate enforcement action, including assessment of civil money penalties, with respect to any violation disclosed by such investigations.

**EXHIBIT B**

Approved by the following parties:
Papa Chanos
BY ITS OFFICER

MEMBER OWNER   Sergio Valk

Title

Date   1/2/2015

UNITED STATES DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION

District Director   Stefano Raymond
Assistant District Director
U.S. Department of Labor
Wage Hour Division

Date   1/5/2015

# EXHIBIT C

## LEGAL NOTICE TO ALL EMPLOYEES

In December, 2014, Papa Chano's, LLC, settled a lawsuit with the **U.S. Department of Labor**. As part of this settlement, Papa Chano's, LLC will pay and distribute to certain employees money owed for past work. This distribution will take place over several months, so if you leave this job, please call the number listed below to update your contact information.

The **Fair Labor Standards Act** provides that you must be paid the **overtime** rate of one and one-half times your regular rate for all hours worked over 40 in a workweek. All employees are entitled to overtime pay (1 ½ times your regular rate) when you work over 40 hours.

Papa Chano's, LLC's settlement with the U.S. Department of Labor requires your employer to record your work time in an accurate and timely manner, through the use of a time clock and to prepare a statement of hours worked by each employee for each pay period. You will have the right to review your statement of hours worked and write in corrections if necessary.

**If you think you are not being paid in accordance with the law**, you can call the U.S. Department of Labor, Wage and Hour Division, at (415) 625-7720 or 1-866-4-USWAGE (1-866-487-9243) and your name will be kept confidential. The U.S Department of Labor wants to remind you that you also have employment rights under California state law and you may contact the California Division of Labor Standards Enforcement, at (415) 703-5300, for any questions you may have about those rights.

- 12 -

## AVISO LEGAL A TODOS LOS EMPLEADOS

En diciembre de 2014, Papa Chanos, LLC, entro en un acuerdo sobre una demanda con el Departamento de Trabajo de Estados Unidos. Como parte de este acuerdo, Papa Chano de, LLC pagará y distribuir a ciertos empleados el dinero adeudado por el trabajo pasado. Esta distribución se llevará a cabo durante varios meses, por lo que si se deja este trabajo, por favor llame al número que aparece a continuación para actualizar su información de contacto.

La Ley de Normas Razonables de Trabajo establece que se le debe pagar la tasa de horas extra de una y media veces su tasa regular por todas las horas trabajadas en exceso de 40 en una semana laboral. Todos los empleados tienen derecho a pago de horas extras (1 ½ veces su tasa regular) cuando se trabaja más de 40 horas.

El acuerdo que entro Papa Chanos LLC  con el Departamento de Trabajo de Estados Unidos requiere que su empleador registre su tiempo de trabajo de una manera precisa y correcta, a través del uso de un reloj de tiempo y preparar una declaración de horas trabajadas por cada empleado para cada período de pago. Usted tendrá el derecho de revisar su estado de cuenta de horas trabajadas y escribir en correcciones si es necesario.

Si usted piensa que no se les paga de acuerdo con la ley, se puede llamar al Departamento de Trabajo, División de Salarios y Horas de Estados Unidos, al (415) 625-7720 o al 1-866-4-USWAGE (1-866-487- 9243) y su nombre se mantendrá confidencial. El Departamento de Trabajo de Estados Unidos quiere recordarle que usted también tiene los derechos de empleo bajo la ley estatal de California y puede comunicarse con la División de Cumplimiento de Normas Laborales de California, al (415) 703-5300, para cualquier duda que pueda tener sobre esos derechos.